# MAY 13, 1936

IRA ARMSTRONG V. THE STATE.

No. 18256.   Delivered May 13, 1936.

The opinion states the case.

*Benjamin Kucera,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for driving an automobile upon a public street while under the influence of intoxicating liquor; penalty assessed at a fine of one hundred dollars.

The State's witness Peters testified that on December 18, 1934, he was in the town of Brownfield, where he had brought some cattle to the stock pens just outside of the city. He was approached by the appellant who said his car would not run and asked the witness to push the car into town. Using his car, the witness pushed the appellant's automobile from the stock yards to a filling station in the city. Peters testified that he noticed nothing unusual or peculiar about the appellant's conduct at the time he was steering his automobile to indicate that he was under the influence of intoxicating liquor; that appellant observed the traffic regulations and steered his automobile like a sober man.

The witness Lewis testified that he steered the appellant's car from the filling station to the garage of the Tudor Sales Company; that there were restrictions which permitted only employees to drive cars into the garage; that appellant rode in the car beside the witness. According to Lewis, the appellant was not intoxicated when first seen at the filling station, but that appellant went into the wash room of the garage several

times and "was getting pretty well drunk" after he had been there awhile.

Tobe Helms testified that he drove the car which pushed that of the appellant from the filling station to the garage. From the testimony of the witness we quote:

"When that car was pushed from the '66' Station to the Tudor Garage, the defendant was not driving his car, but Carl Lewis drove the defendant's car and the defendant was in the seat beside him and I pushed the car."

The Sheriff of Terry County testified that he saw appellant at the Ford Garage in the middle of the afternoon. Appellant had the odor of whisky on his breath. After watching appellant for some time the sheriff arrested him and put him in jail for being drunk; that appellant "was too drunk to be out of jail." The sheriff did not see appellant drive his car.

Glenn Harris testified that he saw appellant at the workshop of the Tudor Sales Company where the appellant's car had been brought for repairs. The witness said that appellant was not "noticeably drunk" when he came to the shop, but "he started drinking and drank it all after he got down to the garage."

Appellant testified that about eleven-thirty in the morning of December 18, 1934, he went to Will Adams' wholesale station in the town of Brownfield. Upon being informed that Mr. Adams was at the stock yards, just outside of town, the appellant went there to see him. As he started back to town, appellant could not get his car started. He asked Mr. Peters, who came along in a car, to push his (appellant's) automobile into town. Peters pushed appellant's car to the "66" Filling Station and then drove off. Appellant's car was then pushed from the filling station to the Tudor Garage with the witness Lewis at the steering wheel and appellant riding beside him. Appellant said that he took with him to Brownfield a pint bottle which was about three-fourths full of whisky. He carried the bottle in a little compartment in the right of the instrument board of his Ford V-8 Coach. He noticed that the stopper was wet around the top and "the bottle was bound to have been leaking." He had not had a single drink that day. From the appellant's testimony we quote:

"I have carried fifty-seven No. 54 shot in my knee and have it at this time. I have a weather barometer in my knee. When I take cold or am suffering from cold, that shot affects me. And if I am bent awhile, especially my knee, it goes to sleep

and I do not get very good use of my legs when that is so; and probably I might have staggered as I do often."

On cross-examination the appellant testified:

"I came on to town and up to the filing station awhile and then back to the garage. After I got stopped down there * * * I decided I would take a little drink as I was chilled and I was in a rigor."

Appellant said that his staggering was due to the effect of the shots which he had in his knee cap as a result of a gunshot wound inflicted while on a rabbit drive; that whenever he was cold his leg went to sleep and was numb; that it caused him to take a step backwards when he stepped out of his car.

As we understand the testimony, appellant was not intoxicated at the time he was driving his car or steering it, but that he became drunk after leaving the car and while he was in the garage waiting for his car to be repaired.

In view of the disposition made of the case, we have pretermitted a discussion of the matters presented as they are not likely to occur upon another trial.

Deeming the evidence insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*